IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DIANA M. CHICAS-RAMOS and EBER C. VALLADARES-ESPINOZA,<br><br>    Plaintiffs,<br><br>v.<br><br>SIMON'S TRUCKING, INC., an Iowa Corporation, and RONALD ELMER JANSEN, individually, and DRIVER'S MANAGEMENT, LLC,<br><br>    Defendants.<br>_____<br><br>SIMON'S TRUCKING, INC. and RONALD ELMER JANSEN,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>FRANCISCO SEPULVEDA and WERNER ENTERPRISES, INC.,<br><br>    Third-Party Defendants.<br>_____<br><br>FRANCISCO SEPULVEDA,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>SIMON'S TRUCKING, INC., | Case No. 18-3072 |

1

| | |
|---|---|
| RONALD ELMER JANSEN and<br>DRIVERS MANAGEMENT, LLC,<br><br>Counter-Defendants. | )<br>)<br>)<br>) |

OPINION

RICHARD MILLS, United States District Judge:

Pending is the Motion of the Defendants/Counter-Plaintiffs Simon's Trucking, Inc. ("Simon's") and Ronald Elmer Jansen ("Jansen") for Leave to File Counterclaim for Contribution against Defendants/Counter-Defendants Drivers Management, LLC.

I.

Plaintiffs Diana M. Chicas-Ramos ("Ramos") and Eber C. Valladares-Espinoza filed an amended complaint in this case seeking recovery for alleged damages suffered in a motor vehicle accident in DeWitt County, Illinois, on or about November 8, 2016. Drivers Management, LLC is named as a Defendant. Drivers Management notes both the complaint and amended complaint aver that Ramos was an employee of Driver's Management, which has provided workers' compensation benefits to Ramos and was named as a Defendant in the case for workers' compensation subrogation purposes. Simon's and Jansen were also named as Defendants and are Counter-Plaintiffs as well.

The Plaintiffs allege Jansen, an employee of Simon's, was driving a tractor-trailer eastbound on I-74 and fell asleep while driving, overturned his tractor-trailer,

and blocked both lanes of eastbound I-74. Third-Party Defendant/Counter-Plaintiff Francisco Sepulveda was driving another tractor-trailer while Ramos was a passenger in the sleeper berth. The Plaintiffs allege the tractor-trailer operated by Sepulveda collided with the overturned tractor-trailer operated by Jansen on I-74. Because of the collision, the Plaintiffs assert Ramos sustained personal and pecuniary injuries caused by Jansen and Simon's.

Simon's and Jansen filed an answer and affirmative defenses to the Plaintiffs' amended complaint. They also filed an amended third-party complaint against Francisco Sepulveda and Werner Enterprises, Inc. ("Werner") seeking contribution under Illinois law, 740 ILCS 100/0.01 *et seq*. Simon's and Jansen alleged Sepulveda was an agent and/or employee of Werner. In response, Werner admitted that Sepulveda was driving under Werner's D.O.T. motor carrier "operating authority" at the time of the alleged accident and, therefore, Sepulveda was a "statutory employee" of Werner for purposes of "public liability" in this case. Werner also noted Ramos was an employee of Drivers Management and was also the special/loaned/borrowed employee of Werner and was acting within the scope of that employment with Werner at the time of the accident at issue.

Third Party Defendant/Counter-Plaintiff Sepulveda filed an amended counterclaim for personal injuries against Simon's, Jansen and Drivers Management, LLC, alleging that Sepulveda was an employee of Drivers

3

Management and naming that entity for workers' compensation subrogation purposes only. Sepulveda has moved to dismiss the count asserted against Drivers Management, on the basis he has settled with Drivers Management with a full waiver of the subrogation interest of Sepulveda's workers' compensation payments held by the entity's parent company, Werner.

In a motion for summary judgment on Simon's Trucking and Jansen's third-party complaint seeking contribution, Werner and Sepulveda alleged that Sepulveda was an independent contractor for Werner at the time of the alleged occurrence. That summary motion is not yet fully briefed.

In support of their motion for leave to file their counterclaim for contribution against Drivers Management, Simon's and Jansen note that Plaintiffs' initial complaint was filed on or about April 6, 2018. Under Illinois law, claims for contribution must be filed within two years of being served with a complaint sounding in tort. *See generally*, 740 ILCS 100/0.01 *et seq*.; 735 ILCS 5/13-204.

In its response in opposition to Simon's and Jansen's motion, Drivers Management notes that at no time before filing its motion had Simon's and Jansen filed a contribution claim against Drivers Management for either Ramos's or Sepulveda's personal injury claims. Drivers Management asserts the Court should deny the motion because it is untimely, fails to articulate any "newly discovered" evidence, and would unduly prejudice Drivers Management and the other parties.

II.

Drivers Management notes that the deadline to file motions to join other parties or amend the pleadings expired on January 31, 2019. The Seventh Circuit has observed that, "when a motion for leave to amend is filed after the deadline for amending the pleadings has elapsed, the generous standard in Rule 15(a)(2) for allowing amendments is in some tension with Rule 16(b)(4) which governs scheduling orders and requires a showing of good cause to justify modifying time limits." *Adams v. City of Indianapolis*, 742 F.3d 720, 733-34 (7th Cir. 2014) (internal quotation marks and citation omitted).

Drivers Management claims Simon's and Jansen have not established good cause as to why they did not attempt to bring a claim for contribution against Drivers Management at an earlier stage of the litigation. The motion does not articulate any newly discovered evidence which might justify an untimely motion. Plaintiff Ramos alleged at the beginning of this litigation—well before the January 31, 2019 deadline to add parties and amend pleadings—that Drivers Management was her employer. In their reply, however, Simon's and Jansen note that in both her answers to interrogatories and during her deposition testimony, Ramos attested that she was employed by Werner on the date and time of the alleged accident.

Simon's and Jansen further note that the deposition of Michael Peterson, the Senior Litigation Counsel of Werner, was completed on February 25, 2020, after he

submitted an affidavit in support of Sepulveda's and Werner's summary judgment motion. The affidavit provides that Ramos was an employee of Drivers Management, not Werner, on the date of the accident. Peterson also testified in his deposition that Ramos was an employee of Drivers Management at that time. Simon's and Jansen allege the proposed counterclaim for contribution is based upon this new evidence concerning the employment of Ramos by Driver's Management, not Werner.

Simon's and Jansen allege that Drivers Management has been a party to this action since September 2018 and would not be prejudiced by the granting of this motion. Simon's and Jansen further assert they will be overly prejudiced in their right to seek contribution from Plaintiff Ramos and Third-Party Defendant/Counter-Plaintiff Sepulveda.

Drivers Management claims the parties would be prejudiced by the delay this new claim would have on the lawsuit. It is almost certain that further fact discovery will have to occur with Drivers Management, which thus far has only been a party to protect its workers' compensation subrogation interest in this matter pursuant to Nebraska law and has not answered any discovery or been deposed in this case. This would delay the expert discovery phase which is set to commence. If the motion is granted, Drivers Management would have to expend the time and effort to file a separate motion for summary judgment, which could have been avoided had

Simon's and Jansen brought their claims against Drivers Management sooner. Simon's and Jansen note that all discovery is not due until December 31, 2020.

Simon's and Jansen further state that fact discovery is ongoing and continuing. Moreover, Drivers Management would not be prejudiced by the filing of a counterclaim for contribution as it has been a party since September 2018 and is now represented by the same counsel as Werner, with access to the same materials.

Simon's and Jansen contend that material questions of fact exist as to the employment of Sepulveda, as well as the control, oversight and supervision of Sepulveda and Ramos at the time of the alleged incident. Moreover, the parties are continuing to complete fact discovery. For these reasons, Simon's and Jansen seek leave to file their counterclaim for contribution against Drivers Management.

Drivers Management alleges Simon's and Jansen chose to wait to file their motion for leave on the same day they filed their response to Werner's and Sepulveda's summary judgment motion. Drivers Management believes the motion for leave is a back-up plan or "insurance policy" to seek to have Drivers Management waive or reduce its workers' compensation subrogation interest in this matter in case the Court grants the summary judgment motion. It further asserts the motion seeks to backdoor allegations of negligent training and supervision against Drivers Management, which were not brought against Werner, its parent company, before it filed for summary judgment.

Until recently, there was at least some conflict in the record as to Ramos's employer at the time of the accident. At different times, it was alleged that she was employed by Werner and Drivers Management. Simon's and Jansen filed the motion for leave to file a counterclaim against Drivers Management on March 16, 2020, approximately three weeks after Michael Peterson's deposition testimony and declaration stating that Ramos was employed by Drivers Management. At least until that point, there was a factual dispute as to Ramos's employer. Accordingly, Simon's and Jansen have provided cause as to why the claim for contribution was not brought sooner.

Additionally, the Court does not believe that any party will be significantly prejudiced in the event the motion is granted. As noted, all discovery is not due for another nine months and the dispositive motion deadline is due on January 29, 2021. The Court will allow the motion for leave to file a claim for contribution against Drivers Management.

The Court will also allow the motion of Counter-Plaintiff Francisco Sepulveda and Counter-Defendant Drivers Management, pursuant to Federal Rule of Civil Procedure 41(a)(2), to dismiss with prejudice Sepulveda's counterclaim against Drivers Management.

Ergo, the motion of Defendants/Counter-Plaintiffs Simon's Trucking, Inc. and Ronald Elmer Jansen for leave to file their counterclaim for contribution against Drivers Management, LLC [d/e 81] is GRANTED.

The Clerk will docket and file the counterclaim [d/e 81-1].

The motion of Counter-Plaintiff Francisco Sepulveda and Counter-Defendant Drivers Management to dismiss count II of Counter-Plaintiff Francisco Sepulveda's counterclaim against Counter-Defendant Drivers Management, LLC [d/e 83] is GRANTED.

Count II of Sepulveda's counterclaim is dismissed with prejudice with each party to bear its own costs.

ENTER: April 2, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge